UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                      )
                                            )
    JEFFERY COOPER              )    Case No. 04-13693-SSM
                                            )    Chapter 13
                 Debtor    )

**MEMORANDUM OPINION AND ORDER**

       A hearing was held in open court on June 22, 2005, on the application of Richard Hall, Esquire, for approval and payment of supplemental compensation and expenses totaling $13,165.35 as counsel for the debtor. Because approval of the requested fees would make performance of the plan impossible, and because the application does not comply with the requirement of the local bankruptcy rules requiring disclosure to creditors of that fact, the application must be disapproved.

<u>Background</u>

       The debtor, Jeffery Cooper, filed a voluntary chapter 13 petition in this court on September 2, 2004. The disclosure of compensation filed by Mr. Hall reflected that the fee charged to Mr. Cooper for the preparation and filing of the petition, schedules and plan and for representation at the meeting of creditors was $1,500.00, all of which had been paid prior to the filing of the petition.

       Approximately ten months prior to the filing of the petition, Mr. Cooper had dismissed a prior chapter 13 case and had entered into a transaction with an entity called GGGR Investments, LLC ("GGGR"), under which he sold his residence to GGGR (which

1

then brought the delinquent mortgage payments current) in exchange for a one-year lease with an option to repurchase. The chapter 13 petition was filed after the debtor was unable to obtain a loan that would have enabled him to exercise the purchase option.

An order was entered on December 9, 2004, confirming an amended plan filed on November 3, 2004.[1] The plan provided for the debtor to pay the chapter 13 trustee $695.61 per month for 36 months and projected a dividend to unsecured creditors of 100 cents on the dollar. From the payments received, the trustee was required to pay his own commission, $5,323.32 on a secured car loan, $3,886.15 to a homeowners association on its secured claim, and $8,736.13 to the Internal Revenue Service on a priority tax claim. The balance would be paid pro rata to unsecured creditors. The unsecured claims filed in the case total $6,969.99.

With respect to GGGR, the plan noted that the debtor was filing an adversary proceeding to void the deed to GGGR, and that any amount ultimately found due to GGGR would be treated in an amended plan. The adversary proceeding came on for trial in April 2005. Unfortunately for the debtor, it resulted in a judgment dismissing the complaint. An appeal of that judgment is pending.

Mr. Hall's application seeks compensation for 51.83 hours of attorney time (at $250.00 per hour) and 3.5 hours of paralegal time (at $75.00 per hour) plus reimbursement of $77.85 for postage, photocopies, and exhibit binders. The bulk of the time relates to the

---

[1] On motion of GGGR, the confirmation order was subsequently amended to make confirmation provisional on the outcome of the debtor's adversary proceeding against GGGR.

2

adversary proceeding and the defense of GGGR's motion for relief from the automatic stay and GGGR's motion to vacate the confirmation order.

## Discussion

In a chapter 13 case, the court may approve compensation to the debtor's attorney "for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth [in § 330]." § 330(a)(4)(B), Bankruptcy Code. In this district, an application for compensation by debtor's counsel in a chapter 13 case

> must include the applicant's statement that the chapter 13 plan provides sufficient reserves or may be extended in time so that the payment(s) requested may be made without prejudice to any creditor, or that any prejudice to any creditor as the result of an award of additional attorney's fees shall be completely, fully and adequately disclosed to all creditors and parties in interest in the case[.]

LBR 2016-1(C).

Mr. Hall's application does not contain the required statement that the fees can be paid without prejudice to any creditor, either from reserves in the plan or by extending the plan, nor does it alternatively disclose to creditors any prejudice to them from payment of the fees. In this case, there can be little doubt that the plan does not have sufficient reserves to pay the requested fees; to the contrary, payment of the fees would result in extreme prejudice to unsecured creditors. The total amount remaining in the plan after payment of the trustee's commission, the IRS priority claim, the secured automobile claim, and the homeowner's association secured claim is $4,842.49. As noted, the filed unsecured claims total $6,969.99. This means that the actual payout on unsecured claims will be closer to

69% than the 100% estimated in the plan.  Approval of the $13,165.35 in requested fees and expenses (or even a third of them) would reduce the dividend on unsecured claims to 0%.  In the absence of adequate disclosure to creditors of this fact, the court is unable to approve the fees.

None of this discussion should be seen as an adverse reflection on the quality of legal representation provided by Mr. Hall.  The litigation brought on the debtor's behalf, although unsuccessful so far, was of great potential benefit to the debtor.  The case was well prepared and professionally tried, and the fees requested seem entirely reasonable for the work performed.  However, without proper notice to creditors as required by the local bankruptcy rules, the court is simply not in a position to make a ruling as to what portion of those fees should be borne by the bankruptcy estate and what portion would have to be collected from the debtor after the plan is completed.[2]  If the debtor's appeal of the judgment is successful, sufficient additional funds may come into the estate (for example, from a refinance of the property) to allow the requested fees to be paid without reducing the dividend to unsecured creditors.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The application is denied without prejudice to its renewal upon compliance with LBR 2016-1(C)(1).

---

[2] The court is certainly sympathetic to Mr. Hall's request that at least his out-of-pocket costs be paid by the estate.

2. The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____                    _____
                                                 Stephen S. Mitchell
Alexandria, Virginia                             United States Bankruptcy Judge

Copies to:

Jeffery Cooper
1672 Barnstead Drive
Reston, VA  20194
Debtor

Richard G. Hall, Esquire
4208 Evergreen Lane, Suite 234
Annandale, VA 22003
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA 22314
Chapter 13 trustee